By the Court, Nelson, Ch. J.
The legal interest in anchorage and wharfage, conferred upon the city of Albany by the charter of Governor Dongan, was not divested by the act of 1823 : nor were the remedies for collecting such anchorage and wharfage affected by that act. The only material change produced by it, consisted in an increase of the rate of toll for *74 thé purpose of compensating the pier owners, and an obligation to pay the same over to them. (See Buckbee v. Brown, 21 Wend. 110.)
It is insisted, however, that the act of 1823 does not subject the owners of vessels to wharfage, while such vessels are lying at their own docks; that instead of imposing an obligation to pay, it confers a right to receive toll for the use of the docks. The answer is, that the charge of tolls for the privilege of entering and using the basin is imposed without reference or respect to the proprietors of the pier, or, which is the same thing, the owners or lessees of the allotments thereon. These are taken into the account in the distribution of the moiety collected, but not in the imposition and collection of the tolls.
The act is express, “ that for all vessels, boats or other craft navigating the Hudson’s river &c. and entering into the said basin, there shall be paid by the owners or masters &c. the following sums for wharfage” &c. No exception is made or hinted at in favor of the owners or lessees of lots on the pier, who happen to be the owners of vessels; nor can any such exemption be admitted consistently with the principle of distributing the tolls among them as provided for in the same section. That proceeds irrespective of the ownership of the vessels entering the basin. The aggregate amount collected from all the vessels thus entering is to be distributed among the pier owners according to their respective interests therein.
This view answers also another ground taken by the defendants, viz. that the moiety of the tolls going to the pier owners should have been deducted, for the reason that as such owners they are entitled to retain the amount. They are entitled to a distributive share only. What that may be was not a proper subject of enquiry in this suit.
The evidence respecting the ordinance of the common council and the steps taken in pursuance thereof, was properly rejected. Those proceedings were probably instituted with a view to obtain indemnity against costs from the parties beneficially interested. For if the authorities of the city really intended to put an end to the suit, as being wholly unfounded and vexatious, why did they hot *75 give a release to the defendants, or take some other decisive step to terminate the prosecution?
The mere sale and assignment of all the interest of the city in the subject matter of the suit, to third persons, in no way affects or impairs the right to collect the tolls. The legal interest still remains vested in the corporation. The tolls must still be collected by their officers; and suit's therefor must be brought in, the name of the corporation, the same as before, for the benefit of those to whom the tolls may belong. (Buckbee v. Brown, supra.)
If the defendants were entitled to any deduction by way of recoupment, in consequence of the basin being so much out of repair as seriously to diminish the beneficial use of it, notice to that effect should have been given with the plea, according to ail our cases. The notice is an essential part of the rule, and cannot be dispensed with without leading to surprise and injustice. (Reab v. McAlister., 8 Wend. 109.) (a)
It is only under this rule that the defence offered was admissible, if at all; as the keeping of the basin in good and perfect repair is not a condition precedent to the enforcement of the remedy for the toll. The burthen of proof of non-repair, if a de ■ fence at all, lay therefore upon the defendants. The party bound to repair is subject to indictment, or to a special action on the case in favor of any one who may have sustained special damage by reason of the neglect. (The Mayor &c. of the city of N. Y. v. Furze, 3 Hill, 612: 1 Chitty’s Pl. 142, ed. 1840.)
Cowen, J.,
was of opinion, for the reasons stated by him in Barber v. Rose, (post, p. 76,) that the evidence offered byway of recoupment was admissible under the general issue.
New trial denied.

 See Barber v. Rose, (post, p. 76,) and Van Epps v. Harrison, (ante, p. 63.)